**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5873

ERIC REYNARD HOSKINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-95-52)

Submitted: September 24, 1996

Decided: October 15, 1996

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William C. Ingram, Jr., FLOYD, ALLEN & JACOBS, L.L.P.,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Timika Shafeek, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

The Appellant, Eric Hoskins, pleaded guilty to possession with the intent to distribute cocaine but appeals the district court's order denying his motion to suppress the cocaine found on his person during drug interdiction activities at the Piedmont International Airport in Greensboro, North Carolina. Hoskins contends that police detective Kennedy's actions of questioning him after he deplaned from a flight from Newark, New Jersey, and conducting a search of Hoskins's person after viewing a suspicious bulge under Hoskins's arm was a violation of the Fourth Amendment. The district court found that Hoskins voluntarily consented to speak to Kennedy and freely gave permission to Kennedy to search his person. After a complete review of the district court's decision to deny Hoskins's motion to suppress,[1] we find no reversible error and affirm the district court's order.

Hoskins was not "seized" under the Fourth Amendment when Kennedy asked if Hoskins would speak with him and answer a few questions. The record supports the conclusion that from Hoskins's perspective, and that of Kennedy's, Hoskins was free to refuse the initial request for questioning and the subsequent search of his person. Hoskins's voluntary cooperation with such requests does not, absent coercive circumstances not present here, implicate the Fourth Amendment.[2]

Accordingly, we find that the search and seizure of the cocaine in this matter was lawful and in accordance with the Constitution. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[1] **United States v. Han**, 74 F.3d 537, 540 (4th Cir.), cert. denied, 64 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891).

[2] **Florida v. Royer**, 460 U.S. 491, 497-98 (1983); United States v. Mendenhall, 446 U.S. 544, 555-56 (1980).

2